**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| PAMELA L. MCKISSICK, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 04-CV-262-P(J) |
| | ) | |
| GEMSTAR-TV GUIDE INTERNATIONAL, | ) | |
| INC.; HENRY C. YUEN, an individual; and | ) | |
| ELSIE M. LEUNG, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

Now before the Court is Defendants Henry C. Yuen and Elsie M. Leung's Motion for

Reconsideration or, in the Alternative, to Limit Scope of Permissible Discovery, Plaintiff's

Response in opposition thereto, and Defendants' Reply.  For the reasons stated herein,

Defendants' motion is hereby DENIED.

**<u>Background</u>**

Plaintiff Pamela L. McKissick filed this action in March of 2004 claiming that Defendant

Gemstar-TV Guide International, Inc. ("Gemstar") and its officers, Henry C. Yuen and Elsie M.

Yuen, had violated the Securities and Exchange Act in alleged misrepresentations made to

McKissick during the merger of TV Guide, Inc. and Gemstar International Group Limited in the

summer of 2000.  Plaintiff suggests that as a result of the alleged misrepresentations she chose

not to exercise the stock options she had accumulated while employed by Gemstar.  Shortly

thereafter, the value of the stocks, and her stock options, had decreased dramatically causing her

a significant loss.

A little more than three years after the merger of the two companies, Plaintiff was

terminated from her position as President of a wholly owned subsidiary of Gemstar.  Along with that termination, the parties executed a "Separation Agreement and Release."  Pursuant to the release, Plaintiff was compensated for her earned salary and received a lump-sum, gross amount of $345,000 which she was otherwise not entitled to receive.  In exchange for the lump-sum amount, Plaintiff "irrevocably and unconditionally release[d]" Gemstar from all causes of action.

Citing the Release agreement as dispositive of the lawsuit, the Gemstar moved for summary judgment.  The Court granted Gemstar's motion on September 22, 2004 and Plaintiff filed a Motion for Reconsideration, raising for the first time the argument that she was entitled to discovery under Fed. R. Civ. P. 56(f) regarding the enforceability of the Release.  The Court denied Plaintiff's Motion, holding that Plaintiff had not properly invoked Fed. R. Civ. P. 56(f), and that the Release unambiguously applied to release Gemstar.

On September 14, 2004, Defendants Yuen and Leung filed their Motion to Dismiss, asserting that the Release also applied to them.  In response, Plaintiff again argued the enforceability of the Release by suggesting that her termination may have constituted a "bad act" which caused her economic duress and forced her entry into the Release.  This time, however, Plaintiff properly requested Rule 56(f) relief to conduct more discovery into these issues.  On August 26, 2005, the Court granted Plaintiff's request and denied Defendants' Motion, recognizing that the enforceability of the Release is of utmost importance to the future of this cause of action.  Defendants' Motion for Reconsideration of the August 26, 2005 Order is now before the Court.

## Discussion

### I.  Motion for Reconsideration

Motions for reconsideration are not among the motions recognized by the Federal Rules of Civil Procedure.  The rules do provide, however, for relief from a final judgment or order under a limited number of circumstances.  *See* Fed. R. Civ. Pro. 60(b).  According to the Tenth Circuit, "[s]uch relief is extraordinary and may only be granted in exceptional circumstances." Searles v. Dechant, 393 F.3d 1126, 1131 (10th Cir. 2004) (quoting LaFleur v. Teen Help, 342 F.3d 1145, 1153 (10th Cir. 2003)) (internal quotations omitted).  Courts are therefore required to exercise discretion when granting such relief.  *See* Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).  Reconsideration may be appropriate when (1) there has been an intervening change in the controlling law, (2) there has been new evidence that was previously unavailable brought to the Court's attention, or (3) there is a need to correct clear error or prevent injustice.  *See* Servants of the Paraclete v. Does, I-XVI, 204 F.3d 1005, 1012 (10th Cir. 2000).  Such motion may not be used, however, simply to "revisit issues already addressed or advance arguments that could have been raised in prior briefing."  Id. (citing Van Skiver, 952 F.2d at 1243).

In their Motion for Reconsideration, Defendants assert several reasons for the Court to revisit its original Order.  However, Defendants appear to misunderstand the scope of the Court's Order and the basis for its award of 56(f) relief therein.  Further, they do not raise any new issues not previously addressed by the Court, nor do they offer any evidence of new facts or law that would change the Court's ruling on those matters as previously ordered.  Because it is not proper for the Court to revisit issues already addressed, this Court declines to reconsider its Order.

Defendants argue that Plaintiff's requested 56(f) discovery is irrelevant because "the law of the case" on the enforceability of the Release has already been established as to Gemstar, whom Defendants claim is "the party responsible for the duress alleged by Plaintiff," and so must be upheld as to these Defendants, who may also be covered under the Release.  Defendants further argue that such facts as Plaintiff might discover would be insufficient to preclude summary judgment for Defendants in any event.  These arguments fail for a variety of reasons.  Foremost, the Court has not ruled on the issue of duress in this case.  As to Gemstar, the Court simply held that the Release obviously and unambiguously barred suit against Gemstar.  Even assuming *arguendo* that these Defendants have a right to enforce the Release, the facts surrounding their individual roles in these events may be different from those involving the corporation.  In response to Defendants' Motion to Dismiss, Plaintiff properly raised Fed. R. Civ. P. 56(f) to allow her to explore this possibility, as well as to inquire into the motive behind her termination.  The Court hereby reaffirms such scope and bases for its August 26, 2005 Order.  Defendants' Motion for Reconsideration is therefore DENIED.

## II.  Motion to Limit Scope of Permissible Discovery

As an alternative to their Motion for Reconsideration, Defendants request the Court to limit the scope of permissible discovery to issues relating to the enforceability of the Release.  Under Fed. R. Civ. P. 56(f) and 26(c), the Court has broad authority to direct discovery.  *See* Wright & Miller, Federal Practice and Procedure § 2740.  However, the Court believes that it has already done so.

On September 1, 2005, the Court advised these Parties that the stay of discovery was lifted so that parties could conduct discovery in compliance with the Court's August 26, 2005

Order.  The Court admits that Plaintiff only requested 56(f) relief as to the issue of enforceability; thus, the August 26, 2005 Order granting such relief could be construed narrowly. However, in Plaintiff's Motion to Clarify, she asked for discovery to proceed "at least as to the issues remaining between Plaintiff and Defendants Yuen and Leung," and the Court explicitly lifted the stay.  Again, according to the Court's Order, the only remaining issues between these parties are state law causes of action for "Fraud and Deceit" and "Negligent Misrepresentation," both of which could also relate to the enforceability of the Release, but are not required to do so. Defendants' alternative Motion to limit discovery is therefore DENIED.

**Conclusion**

For the reasons stated above, Defendants' Motion for Reconsideration or, in the Alternative, to Limit Scope of Permissible Discovery is DENIED.  The Court affirms its Order of August 26, 2005, in which it held (1) Defendants' reliance on the Release for dismissal was denied, and Plaintiff was granted relief pursuant to Rule 56(f) to conduct discovery; (2) with respect to the Securities and Exchange Act, Defendants' previous motion was granted because Plaintiff was not found to be a purchaser or seller as required by the Act and its Rules; and (3) Defendants' request for dismissal pursuant to Rule 9(b) and for failure to properly show causation was denied, as Plaintiff had sufficiently pled her cause of action.  The parties may proceed with discovery on the issues remaining between them which, according to the August 26, 2005 Order, include duress, fraud and deceit, and negligent misrepresentation.

IT IS SO ORDERED this 20th day of December 2005.

James H. Payne
United States District Judge
Northern District of Oklahoma