# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PAMELA L. MCKISSICK an Individual, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 04-CV-262-JHP-SAJ |
| GEMSTAR-TV GUIDE INTERNATIONAL, INC.; HENRY C. YUEN, an Individual; and ELSIE M. LEUNG, an Individual, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Now before the court is Defendant Gemstar-TV Guide International, Inc.'s ("Defendant" or "Gemstar") motion for summary judgment [Dkt. #67] on its counterclaim for breach of contract against Plaintiff Pamela L. McKissick ("Plaintiff") [Dkt. #13], Plaintiff's response in opposition [Dkt. #85], and Defendant's reply thereto [Dkt. #93]. For the reasons stated herein, Defendant's motion is hereby GRANTED.

## BACKGROUND

Until August 1, 2003, Plaintiff Pamela L. McKissick was employed by TV Guide Networks, Inc., a wholly-owned subsidiary of Gemstar-TV Guide. At the close of her employment, and in exchange for valuable consideration, Plaintiff executed a Separation Agreement and Release with TV Guide Networks, Inc. and all of its affiliated entities, including Gemstar, in which she agreed to release any and all claims she might have against the company. Specifically, Plaintiff was compensated for her earned salary and received a lump-sum, gross amount of $345,000 which she was otherwise not entitled to receive, in exchange for Plaintiff's

1

"irrevocabl[e] and unconditional[] release" of Gemstar from all causes of action.

Nevertheless, in March 2004, Plaintiff filed this action, claiming that Gemstar and its officers, Henry C. Yuen and Elsie M. Yuen, had violated the Securities and Exchange Act in alleged misrepresentations made to Plaintiff during the merger of TV Guide, Inc. and Gemstar International Group Limited in the summer of 2000. All of Plaintiff's allegations arose from events occurring prior to the effective date of the Release. Citing the Release agreement as dispositive of the lawsuit, Gemstar moved for summary judgment, which the Court granted on September 22, 2004. Gemstar now moves for summary judgment on its counterclaim for breach of contract against Plaintiff, seeking a refund of the $345,000.00 lump sum, plus costs and fees.

In support of its Motion, Defendant alleges that Plaintiff clearly breached the unambiguous terms of the "No Actions" clause of the Release by bringing this lawsuit, such that Defendant is entitled to damages. The Release reads in pertinent part:

> **No Actions.**  Employee represents and warrants that she has not filed any complaints or charges or lawsuits against the Company with any governmental agency or any court, and has not assigned any cause of action to any third party, and that she will not file lawsuits against the Company for claims arising up to and including the Effective Date at any time hereafter, provided, however, that nothing in this Agreement shall be deemed to limit Employee from filing an action for the sole purpose of enforcing her rights under this Agreement. If Employee violates the Agreement by bringing or maintaining any charges, claims, grievances, or lawsuits contrary to this provision, she will pay all costs and expenses of the Company and/or related persons in defending against such charges, claims or actions brought by her or on her behalf, including reasonable attorney's fees, and will be required to refund, at the Company's sole discretion, the value of any amount paid by the Company in exchange for this Agreement.

In opposition, Plaintiff denies that filing this lawsuit violated these terms, and that she entered into the Release under duress and coercion, such that the entire contract may be avoided in any event. These are the issues currently before the Court.

## **DISCUSSION**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Pro. 56(c). Rule 56(a) expressly provides that the Court may grant summary judgment in favor of a party seeking to recover on a counterclaim. Fed. R. Civ. P. 56(a). In making its determination, the Court must "view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." Simms v. Oklahoma, 165 F.3d 1321, 1326 (10th Cir. 1999). If there are no genuine issues of material fact, or if any part of the prima facie case lacks sufficient evidence to require submission to the jury, summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

In Oklahoma, a release agreement is treated as a contract. Corbett v. Combined Comm. Corp. of Okla., Inc., 654 P.2d 616, 617 (Okla. 1982). "When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone . . . ." 15 Okla. Stat. § 155. Moreover, the contract's language "is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." 15 O.S. § 154. Here, the Court has already found the written Release to be clear as to its meaning. The Court may interpret an unambiguous contract as a matter of law. Corbett, 654 P.2d at 617. In interpreting this Release, the Court has

already found that Plaintiff's instant lawsuit -- as well as any other – is clearly barred under the "Released Actions/General Release" clause.  The instant lawsuit also constitutes a breach of the "No Action" clause of the Release, in which Plaintiff specifically covenanted not to sue.

Because Plaintiff asserted this claim in violation of a broad and unambiguous covenant not to sue, summary judgment is appropriate.  In Lubrizol Corp. v. Gates, 957 F.2d 1302 (5th Cir. 1992), the trial court granted summary judgment on a counterclaim alleging breach of a covenant not to sue and seeking payment of litigation expenses, and the appellate court affirmed.  Id. at 1303.  Certain aspects of the Lubrizol case resonate with this Court:

> Exxon filed a motion for summary judgment on its counterclaim for litigation expenses incurred because of Lubrizol's breach of the covenant not to sue . . . . Exxon argued that, since Lubrizol breached the settlement agreement by reasserting claims that the United States District Court for the Southern District of Texas and this court found were clearly and unambiguously covered by Lubrizol's covenant not to sue, Lubrizol's breach was obvious as a matter of law.  Lubrizol filed a counter motion, arguing that its breach was not obvious and that it had acted in good faith as a matter of law. . . . [T]he district court granted Exxon's motion and denied Lubrizol's. . . . Lubrizol then filed a motion for reconsideration . . . .  In its motion for reconsideration, Lubrizol argued for the first time that Exxon should be estopped from claiming the breach was an obvious one because of statements made by Exxon that allegedly led Lubrizol to believe that the computer dispute had not been settled. The district court denied this motion on that grounds that Lubrizol's assertion of estoppel was untimely.

Here, Plaintiff initiated litigation in violation of the Release, and continues to pursue it, re-urging arguments that the Court has already found to be procedurally barred and/or inapposite. Specifically, in its Order granting summary judgment in favor of Defendant on Plaintiff's claims, the Court found that "Plaintiff is certainly a party to the release agreement and subject to its commands . . . .  And, Plaintiff does not dispute that the Defendant is a "Released Party" under the agreement.  Thus, Defendant is released from this action and any other that may be brought

4

by Plaintiff that arise prior to the date of the release agreement." Following entry of this Order, Defendant apparently tried to reach a final disposition of the case without further action by the Court. [*See* Def. Mtn. for Summary Judgment on its Counterclaim, Ex. 5.] Plaintiff, however, filed a Motion for Reconsideration, raising for the first time the argument that she was entitled to discovery under Fed. R. Civ. P. 56(f) regarding the enforceability of the Release.[1] The Court denied Plaintiff's Motion because she failed to invoke Rule 56(f) in a timely fashion and, more importantly, because the Release unambiguously applied as to these parties. Yet, in her Response, Plaintiff continues to assert the enforceability of the Release as a defense to Defendant's counterclaim, despite the fact that the Court actually enforced the Release in its Order granting Defendant's motion for summary judgment.

The Court still needs not reach the issue of duress here, given that the Release obviously and unambiguously applies to dispose of any issues remaining between these parties. Plaintiff clearly breached the Release, which is operative and enforceable between these parties, such that summary judgment in favor of Defendant Gemstar is appropriate. *See* Brooks v. Timberline Tours, Inc., 127 F.3d 1273 (10th Cir. 1997) (granting summary judgment based upon release and covenant not to sue); Simpson v. Townsley, 283 F.2d 743 (10th Cir. 1960) (affirming summary judgment based on covenant not to sue and hold harmless contracts); Frey v. Independence Fire & Cas. Co., 698 P.2d 17 (Okla. 1985) (affirming summary judgment based on covenant not to

---

[1] In this Order, the Court addresses only those issues between Plaintiff and Defendant Gemstar-TV Guide International, Inc. raised in Gemstar's counterclaim. The Court's findings herein do not apply to Defendants Henry C. Yuen and Elsie M. Leung. Plaintiff properly raised and was granted Rule 56(f) relief as to her allegations of duress against Yuen and Leung, such that the outcome of the Court's analysis of the issues between those parties could be very different.

sue).

As part of its Motion for Summary Judgment, Defendant seeks to recover attorney fees and reasonable costs from Plaintiff, to which it is entitled under the "No Actions" provision of the Release. Certainly precedent exists for awarding contractual damages such as attorney fees and reasonable costs in situations such as this. *See, e.g.,* Lubrizol, 957 F.2d at 1308-09. Defendants also seek to reclaim the lump sum amount paid to Plaintiff as consideration for entering into the Release. The Court notes that such refund is contemplated by the "No Actions" provision of the Release, but is required only "at the Company's sole discretion." The fact that a refund is required "at the Company's sole discretion" implies a punitive rationale and seems to go well beyond the "universal rule for measuring damages for breach of contract [of] just compensation for the loss or damages actually sustained," particularly in light of the fact that no further conditions are imposed as to when Defendant could exercise its discretion. *See* Colo. Interstate Corp. v. CIT Group/Equip. Fin. Inc., 993 F.2d 743, 751 (10th Cir. 1993). It is well-settled that contractual remedies are generally enforced unless they are unconscionable, such as when a liquidated damages clause really operates as a penalty. *See* id. at 748, 751. Although the "No Action" clause is not technically a liquidated damages clause, the Court believes that awarding Defendant both attorney fees and reasonable costs **and** a full refund would be unnecessary overkill, bordering on punitive damages not usually appropriate to a breach of contract claim. The Court therefore declines to order Plaintiff to refund the lump sum amount.

**Conclusion**

Based on the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED. Defendant is hereby awarded its attorney fees and costs incurred in defending Plaintiff's claims against it, and in obtaining summary judgment on its counterclaim. This Order terminates Plaintiff's case against Defendant Gemstar-TV Guide International, Inc.

James H. Payne
United States District Judge
Northern District of Oklahoma