# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAMELA L. MCKISSICK, an individual, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) Case No. 04-CV-262 JHP/SAJ |
| GEMSTAR-TV GUIDE INTERNATIONAL, INC.; HENRY C. YUEN, an individual; and ELSIE M. LEUNG, an individual, | ) ) ) ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

Comes on for hearing Defendant Gemstar-TV Guide International, Inc.,'s Motion For Attorneys' Fees [Doc. #125], referred for report and recommendation by the Honorable James H. Payne, and the Court, having considered the testimony, argument and authority presented at hearing and in the pre and post hearing filings, finds as follows:

The Court orally granted Defendant Gemstar-TV Guide International, Inc.,'s Motion to Strike Plaintiff's Response to Motion for Attorneys' Fees [Dkt.# 132], at hearing as reflected by minute order entered immediately following the hearing. More specifically, the Court granted the motion to strike footnote 1 in Plaintiff's Response to Motion for Attorneys' Fees based upon a violation of LCvR 16.2(i) and ordered the pleading to be placed under seal. Insofar as Defendant's motion

requested the entire response be stricken, the motion is denied. Accordingly, the Court will not consider the contents of footnote 1 in entering its report and recommendation.

## I. Background

Plaintiff filed this action against the named Defendants on March 30, 2004 for alleged misrepresentations made to Plaintiff during the merger of Gemstar International Group Limited ("GIGL") and TV Guide, Inc. The merger was to result in TV Guide becoming a wholly-owned subsidiary of GIGL.

The specifics of the allegations are set forth in the District Court's orders granting summary judgment dated September 22, 2004 and January 27, 2006. Briefly, Plaintiff was the President and Chief Operating Officer of the TV Guide Channel, a subsidiary of TV Guide, and remained in that position for a subsidiary of Gemstar-TV Guide International, Inc., ("Gemstar") after the merger from 2000 until 2003. Shortly after the merger, Plaintiff's stock options in TV Guide, which had been converted into stock options for Gemstar at the time of the merger, dramatically declined in value, resulting in significant loss to Plaintiff. Plaintiff urges she had intended to sell the TV Guide stock options but did not do so as a result of misrepresentations made to her by the co-defendants as representatives of Gemstar.

In 2003, Plaintiff was terminated. At that time, the parties entered into a "Separation Agreement and Release"("SAR"). Under the SAR, Plaintiff received

$345,000.00 above her normal earned compensation, in exchange for which she "irrevocably and unconditionally release[d] Gemstar from all causes of action."

Gemstar filed an answer and counterclaim contemporaneously with a motion for summary judgment on May 27, 2004 asserting the SAR barred the action. Briefing was completed on the summary judgment motion on July 19, 2004 and the Court granted the motion on September 22, 2004 and entered Judgment for Gemstar.[1] Plaintiff filed a motion to reconsider, which was fully briefed and at issue on January 6, 2005 and the Court denied the motion on February 2, 2005. Gemstar remained in the case as a party, however, by virtue of its counterclaim for breach of contract, the SAR.

On April 1, 2005 Gemstar filed a Motion for Summary Judgment on its counterclaim. Plaintiff responded by filing a Motion For Discovery Under Rule 56(f). On July 20, 2005 Judge Payne denied the Rule 56 (f) motion and set a briefing schedule for Gemstar's Motion for Summary Judgment. On January 27, 2006 the Court granted Gemstar's Motion for Summary Judgment as to the counterclaim.

On February 10, 2006 Gemstar timely filed its Motion for Attorneys Fees. The motion was referred to the undersigned on May 26, 2006 along with the Motion to

---

[1] Gemstar did not request attorney fees and/or costs in its motion and neither the Order or Judgment referenced attorney fees and/or costs. Also absent was the required express determination by the Court, as set forth in Fed.R.Civ.P 54(b), that there is no just reason for delay and an express direction for the entry of judgment. Absent this express direction, judgment is not considered final and is subject to revision at any time before entry of judgment adjudicating all the claims and the rights and liabilities of the parties. The Court further notes that Fed.R.Civ.P. 54 (c) allows the Court to grant all relief to which a party is entitled, even if a party has not demanded the relief in the party's pleadings.

Strike. Supplemental briefing continued to be filed on the motions thereafter and hearing was held on August 31, 2006. Following hearing, Gemstar filed supplemental application which added attorney time expended from the initial filing of its motion for attorney fees through date of hearing to the fee request. Gemstar also submitted, at the Court's request, a summation of its time records. More briefing followed and the matter is now at issue.[2]

## II. Attorney Fees

Gemstar seeks an award of attorney fees in the total amount of $223271.00.[3] Gemstar seeks expenses in the amount of $3365.06.[4] Fees and expenses represent work performed from April 1, 2004 through August 31, 2006. Fees are sought pursuant to the Order entered by the Court on January 27, 2006 and pursuant to the contract provisions of the SAR.

---

[2]There were eleven briefs filed on this issue, excluding briefs regarding the motion to strike. Four were filed post hearing. The number and organization of the submissions made this a particularly difficult fee application.

[3]Gemstar's Summation of Time Records, filed September 7, 2006, states it represents a summation of fees and expenses. The Court, however, finds no itemization of expenses except as to expert Burrage. The total fees requested were derived from the summary charts attached to Dkt. # 162 and Dkt. #163. Gemstar's original brief sought $165,049.50 in attorneys fees [Dkt. #125] while the summary submitted requests $179,559.00 for Tulsa counsel and $16, 496.50 for California counsel. The Court accepts the figures contained within the more recently filed summaries.

[4]Plaintiff objected generally to the award of expenses but did not specifically address any cost item or the value attached to it. Total expenses were derived from Dkt. #125 and Dkt.# 162.

4

### A. Entitlement

Plaintiff first challenges Gemstar's entitlement to fees on the ground that the Court's order awarding fees goes beyond what is provided in the SAR. The plain language of the SAR entitles Gemstar to recover all costs and expenses, including reasonable attorney's fees, of Gemstar in defending against any charges, claims or actions brought by Plaintiff in violation of the Agreement. Plaintiff asserts that pursuing a counterclaim is not "in defense of a charge, claim or action." It is clear, however, that the District Court reached a contrary conclusion. At page seven (7) of the order dated January 27, 2006, Judge Payne stated: "Defendant is hereby awarded its attorney fees and costs incurred in defending Plaintiff's claims against it, and in obtaining summary judgment on its counterclaim." It is not the provence of this Court to question the decision of the District Court but rather to determine and recommend reasonable fees due thereunder.

Nevertheless, this Court agrees with the conclusion reached by the District Court. It appears Gemstar's counterclaim is compulsory in nature. Failure to file the counterclaim could have resulted in a waiver of rights. Further, as the first order granting summary judgment established the law of the case as to the enforceability of the SAR, what constituted appropriate damages under the SAR should have been the primary focus of the second motion for summary judgment, which should be reflected in the billing statements.

Plaintiff also objected based upon the sufficiency of the original application in

the original response brief filed February 28, 2006. Plaintiff asserted Gemstar's submission is lacking in that Gemstar has failed to provide the necessary evidence of reasonableness and the necessary evidence to establish the legitimacy of time charged for non-lawyer personnel. Alternatively, Plaintiff requested the Court require Gemstar to supplement its submissions with adequate evidence and permit adversary submissions.

Gemstar correctly replied that the original application complied with LCvR 54.2(b), which was significantly modified in March 2005 to remove the requirement that detailed time records be submitted. Nevertheless, in contested fee matters, Gemstar must prove entitlement to the amount of reasonable attorney's fees as measured against the factors set forth in *Burk v. City of Oklahoma City,* 598 P.2d 659 (Okla.1979) and *Oliver's Sports Ctr., Inc., v. National Standard Ins. Co.,* 615 P.2d 291 (Okla.1980). Accordingly, on June 7, 2006, the Court entered an Order requiring Gemstar to submit time records sufficiently detailed to allow the Court to determine the legitimacy and reasonableness of requested fees and to allow meaningful review and cross-examination by opposing counsel. An additional briefing schedule was included. Plaintiff continues to assert sufficiency arguments which are addressed substantively herein.

**B.  Hourly Rates**

Following testimony from Gemstar's expert witness, Michael Burrage, the Court specifically questioned Plaintiff's counsel regarding what was in dispute.

Plaintiff has no objection to the hourly rates of Tulsa counsel. Those rates should therefore be awarded.[5]

Plaintiff objected to the award of any attorney fees to California counsel. However, counsel stated he did not dispute the rates they charged should the Court find such fees should be awarded. Plaintiff objected based upon California counsel's time being duplicative and unnecessary. [6]

This Court is bound to apply Oklahoma law, under which any attorneys fees awarded must be based upon the prevailing hourly rate for like services based upon local standards and not the prevailing rate where the non-resident counsel practices. *Taylor v. Chubb Group of Insurance Companies,* 874 P.2d 806 (Okla. 1994)(answering certified question in diversity action), citing *Burk v. City of Oklahoma City,* 598 P. 2d 659 (Okla.1979) and *Oliver's Sports Center Inc. V. National Standard Insurance Company*, 615 P.2d 291 (Okla. 1980). Further, a recent pronouncement from this district, *Oklahoma Natural Gas Company v. Apache,* 355 F. Supp. 2d 1246 (N.D. Okla. 2004), applied the local rate standard, noting in footnote 8 that a party "may choose to travel the litigation highway in a Lexus rather than the more common Chevrolet. However, under a fee-shifting

---

[5]The Court notes the hourly rates of attorney John Dowdell, ranging from $260.00 per hour to $295.00 per hour are above the $250.00 per hour which has been awarded in disputed attorney fee applications in this district. *See, Oklahoma Natural Gas Company v. Apache,* 355 F. Supp. 2d 1246 (N.D. Okla. 2004), *International Chemical Co., v. PPG Industries, Inc.,* Case No. 03-CV-650 (N.D. Okla. 2006).

[6]California counsel submitted no attorney billings after January 18, 2005.

statute such as presented here, the losing party is only responsible for the cost of the Chevrolet, if that is the standard in the community."

While this is not a fee-shifting case, there is no distinction under Oklahoma law when attorney's fees are sought pursuant to the terms of a contract. In this case, the SAR provided for Plaintiff to pay "all costs and expenses . . . including reasonable attorney's fees. " Should Gemstar establish entitlement to attorney's fees for California counsel, they will be awarded at rates comparable to those of Tulsa, Oklahoma counsel, during the same time period. In this case, the Court accepts the rates to which Plaintiff acquiesced for the Tulsa attorneys based upon the fact they are not significantly out of line with past awards of this Court. Awarding California counsel their requested hourly rates would be out of line with past awards.

The Court does not find *Brumley et al. V. ConocoPhillips Company et al.*, District Court of Texas County, Case No, CJ-2001-5, compels a different result. *Brumley* was cited by expert witness Burrage as an example of an Oklahoma court awarding attorney fees significantly above the customary local rate. *Brumley* involved the award of an attorney fee based upon a percentage of the total common fund created as a result of class action litigation brought for underpayment of royalty. There were 3000 class action members in the class action and fees were awarded under the common-fund (or equitable fund) doctrine, a recognized exception to the general rule that attorney's fees are not recoverable unless awarded pursuant to some statutory authority  or, as in the instant case, an enforceable contract.

This case, while doggedly pursued and defended, was not a complicated case calling for attorneys with specialized training or experience. *Brumley* is inapplicable to what basically boiled down to a breach of contract case.

### C. Sufficiency

Following submission by Gemstar of detailed time submissions, Plaintiff raises additional objections to sufficiency. Plaintiff objects to the time referenced in the privilege logs, stating the entries do not provide sufficient specificity as required by law for Plaintiff to be able to determine to what they refer. Plaintiff raises the same objections as to local counsel for Gemstar and California counsel. For purposes of discussion, they will be collectively referenced as "Gemstar's counsel" unless otherwise noted.

Mr. Burrage testified that he was able to review the privilege logs in comparison to the time entries and the affidavits of counsel and determine that the privilege logs represented actual time expended on this case. Mr. Burrage stated he did not make any attempt to distinguish between time spent on the defense and the counterclaim. The Court finds that, under the Court's order awarding attorney's fees and costs, the distinction was unnecessary. The Court has reviewed the records and concludes that as to Tulsa counsel, Defendant Gemstar has met its burden of proof and is entitled to be compensated for the time worked as reflected in Gemstar's submission.

Plaintiff raises a similar objection as to redactions in Gemstar's billings

submitted to the Court in support of fees. In regard to entries referencing research and consultations, for example, the topic is redacted. Plaintiff urges this is insufficient in light of the Court's order requiring detailed time records sufficient to allow the court to determine the legitimacy and reasonableness of requested fees and to allow for meaningful review and cross-examination by opposing counsel. Mr. Burrage indicated you could look at what was happening in the court file generally and determine that these entries were made in regard to those events. Gemstar's counsel offered to submit the unredacted records *in camera* for review. The Court adopts the approach employed by Mr. Burrage in finding the affidavits of counsel and the overall record allows the Court and opposing counsel sufficient information, while preserving attorney client privilege and/or work product, to allow the Court to find the time spent was in preparation of this case.

### D. California Counsel Fees

Plaintiff's counsel does not dispute specific time entries but does dispute any award for time of California counsel primarily due to duplication and the number of lawyers and paralegals involved. Plaintiff's counsel asserted that it is difficult, if not impossible, to distinguish between paralegal and secretarial time and the duplication of paralegal time between the Oklahoma and California law offices. Generally, Plaintiff's counsel stated 700 hours is excessive given the nature of the case, the fact that no depositions or hearings were held and it was basically briefing.

Plaintiff recognized some duplication is expected given the fact that multiple

counsel are involved but states that duplication already exists within Gemstar's Tulsa counsel's billings, which list time billed by five attorneys. Plaintiff therefore objects to additional duplication from California counsel. Plaintiff asserts California counsel was not lead counsel yet billed for substantial attorney and paralegal time. Specifically, Plaintiff asserts paralegal time was billed for 6 paralegals for the same work performed by paralegals in the Tulsa firm. California counsel never entered an appearance in this case and did not sign any pleading or brief.

Gemstar responds that California counsel's time was invaluable as counsel is located close to Gemstar's corporate offices in California and has done extensive work for Gemstar previous to this litigation. Gemstar notes California counsel's time was concentrated toward the early stages of the litigation and that even though no formal appearance was made, Plaintiff was aware of the presence and inclusion of California counsel from the outset. Gemstar asserts that Plaintiff's counsel has not identified one single instance of alleged duplication but effectively takes a shotgun approach in raising this assertion. Gemstar urges a review of California counsel Barth's billings shows he billed only 12.4 hours in May 2004, 5.5 hours in June 2004, and 7.0 hours between June 2004 and the present. There were no billings from California counsel after Janurary, 2005.

The Court has reviewed the billings submitted and finds, as to California counsel identified as paralegals, there are entries which appear to be secretarial in nature, such as preparing and updating pleading files, organizing pleadings and

11

correspondence. The Court agrees and recommends that entries for KAC should be reduced by 3.3 hours; MC3 by .3 hours; ARE by 1.6 hours; TA1 by .1 hours; ACP by .3 hours; and LCB by .4 hours.  Further, the Court recommends rates for California paralegals should not exceed rates for paralegal time in the Tulsa legal community. Accordingly, rates for RLB and MC2 should be reduced to $125.00 per hour, commiserate with the highest hourly rate in the Tulsa legal community as reflected in the Tulsa billings. The Court finds these reductions eliminate secretarial duties as well as possible duplication of Tulsa time. The Court recognizes that "organizing pleadings, trial exhibits and other documents" is listed by *Taylor v. Chubb Group of Insurance Companies,* 874 P.2d 806 (Okla. 1994) as recoverable paralegal time. However, the entries here appear to be for placing documents in files, a task not reserved to attorneys.  Additionally, the involvement of so many paralegals necessarily creates duplication in that each new paralegal who works on the case requires some introduction and training time. The adjustments made by the Court also take this into account.

### E. Scope of Litigation

Finally, Plaintiff asserts the time billed by both Tulsa and California counsel is unreasonable in view of the scope of this litigation.  Plaintiff urges billings in excess of 700 hours of time cannot be reasonable in a case where the majority of work was performed for preparing and filing motions and briefs on non-complex issues. The Court required Defendant's counsel to produce detailed time records.

Plaintiff has not pointed out to the Court any specific time entries that were excessive or unnecessary .

Gemstar's response to the overall scope of litigation argument is that Plaintiff created the extensiveness of the attorney's fees by refusing to accept the Court's conclusion that the SAR prohibited this litigation, and by refusing to make any kind of reasonable response to Gemstar's invitations to resolve the matter and cut off attorney's fees, ultimately citing to four letters sent to Plaintiff's counsel. Expert witness Burrage addressed this in his testimony, stating that he initially thought the fees were excessive but concluded Plaintiff's counsel's actions caused the fees to be high because of the litigation tactics employed. The Court agrees.

### F. Summary of Attorney Fees

Accordingly, the Court recommends attorney fees be awarded in the amount of $6058.00 for Lawrence Barth (23.3 hours x $260.00 an hour); $174,987.00 for work performed by Norman Wohlgemuth Chandler & Dowdell from April, 2004 through May 30, 2006 and $24,138.50 from May 31. 2006 through August 31, 2006; $3,182.00 for non-attorney work performed by California counsel's office from April through December of 2004; $4,572.00 for compensable non-attorney work performed by Norman Wohlgemuth Chandler & Dowdell from April, 2004 through May 30, 2006; and $3,077.00 for compensable non-attorney work performed by Norman Wohlgemuth Chandler & Dowdell from May 31, 2006 through August 31, 2006, for a total attorney fee of $216,014.50.

### III. Costs

Gemstar submits costs in connection with expert witness Burrage in the amount of $2,815.00. This is based upon an hourly rate of $350.00 an hour, well above the hourly rate normally awarded in this district. However, because Mr. Burrage's fees are expert witness fees, and also because there was no objection to his fees, the Court recommends Mr. Burrage's fees should be awarded in full as costs. Additional costs should be assessed in the amount of $372.18 [Dkt. #125] and $177.00 [Affidavit of California counsel, Dkt. #125] for a total of $3,365.06.

### IV. Recommendation

The Court recommends Defendant Gemstar-TV Guide International, Inc.,'s Motion For Attorneys' Fees [Doc. #125] be granted in part and denied in part as set forth herein. The Court's ruling on Defendant Gemstar-TV Guide International, Inc.,'s Motion to Strike Plaintiff's Response to Motion for Attorneys' Fees [Dkt.# 132] should be clarified to reflect it granted in part and denied in part as set forth herein.

### V. Objections

In accordance with 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), a party may file specific written objections to this Report and Recommendation. Objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma within 10 days of being served with a copy of this Report and Recommendation. *See* Fed. R. Civ. P. 6 (as to computation of time periods). If specific written objections are timely filed, the district judge assigned to this case will

> make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). *See also* 28 U.S.C. § 636(b)(1).

The Court of Appeals for the Tenth Circuit has adopted a "firm waiver rule" in connection with appeals from orders adopting a Magistrate Judge's report and recommendation. "[T]he failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property,* 73 F.3d 1057, 1059 (10th Cir. 1996) (*quoting Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). **Thus, a timely, specific and written objection is necessary to preserve an issue for *de novo* review by the assigned district judge and for appellate review by the court of appeals.** *See Thomas v. Arn*, 474 U.S. 140 (1985); *Haney v. Addison*, 175 F.3d 1217 (10th Cir. 1999); and *Talley v. Hesse*, 91 F.3d 1411 (10th Cir. 1996).

Dated this 15th day of November, 2006.

Sam A. Joyner
United States Magistrate Judge