IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAMELA L. MCKISSICK, an individual, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 04-CV-262-JHP-SAJ ) |
| GEMSTAR-TV GUIDE INTERNATIONAL, INC.; HENRY C. Yuen, an individual; and ELSIE M. LEUNG, an individual, | ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is the Report and Recommendation of Magistrate Judge Sam A. Joyner (Docket No. 172), filed January 24, 2007, regarding Defendant Gemstar-TV Guide International, Inc.'s Motion and Supporting Brief for Attorney Fees (Docket No. 125). Also before the Court are Plaintiff Pamela L. McKissick's Objections to the Magistrate Judge's Report and Recommendations (Docket No. 184) and Gemstar's Response thereto (Docket No. 185).

On March 30, 2004, Plaintiff brought an action against Defendant and two of its officers for alleged misrepresentations made by Defendant and its officers during its merger with TV Guide, Inc. Defendant counterclaimed, asserting that Plaintiff had breached a Separation Agreement and Release (SAR), entered into between Plaintiff and Defendant at the time of Plaintiff's termination, in which Plaintiff released all claims she might possess against Defendant. On May 27, 2004, Defendant filed a Motion for Summary Judgment with regard to Plaintiff's claims against it, which the Court granted on September 22, 2004. Likewise, on April 1, 2005, Defendant filed a Motion for Summary Judgment on its counterclaim against Plaintiff, which the Court subsequently granted on January 27, 2006. In its January 27, 2006 Order, the

Court awarded Defendant "its attorney fees and costs incurred in defending Plaintiff's claims against it, and in obtaining summary judgment on its counterclaim." (Order at 7.)

On February 10, 2006, Defendant filed its Motion and Supporting Brief for Attorney Fees. In its Motion, Defendant observed that "[i]n its January 27 Order, the Court awarded [Defendant's] fees and costs and cited factual and legal authority for doing so as part of [Defendant's] damages for Plaintiff's breaches of contract." (Def.'s Mot. at 1.) As a result, Defendant stated that its was submitting its Motion "for a determination of the amount to be awarded, pursuant to the Court's Order, for inclusion in the judgment in favor of [Defendant]." (Def.'s Mot. at 2).

On May 26, 2006, the Court referred Defendant's Motion to the Magistrate Judge. After extensive briefing by the parties and a hearing held on August 31, 2006, the Magistrate Judge filed his Report and Recommendation, in which he recommended that Defendant's Motion be granted in part and denied in part and that the Court award Defendant attorney fees in the total amount of $216,014.50 and costs in the total amount of $3,365.06. In response, Plaintiff filed her Objections to the Magistrate Judge's Report and Recommendations. In particular, Plaintiff objects to the Magistrate Judge's Report and Recommendation to the extent it concludes "that [Defendant] is entitled to attorney fees and costs pursuant to the SAR for prosecuting its counterclaim," "that [Defendant's] counterclaim is a compulsory counterclaim under Fed. R. Civ. P. 13," and "that the District Court's first order granting summary judgment (Dkt. #36) was, or is, 'law of the case' insofar as the enforceability of the SAR is concerned." (Pl.'s Objections at 1-2.)

As Defendant correctly notes in its Response to Plaintiff's Objections to Magistrate Judge's Report and Recommendations, "[Plaintiff's] response is completely devoid of any

objection related to...the amount of the fees and costs awarded." (Def.'s Resp. at 3.) Instead, Plaintiff's objections relate solely to the Magistrate Judge's conclusions regarding Defendant's entitlement to attorney fees and costs incurred in obtaining summary judgment on its counterclaim. In addressing similar arguments raised by Plaintiff in response to Defendant's Motion for Attorney Fees, however, the Magistrate Judge first noted that this Court had already determined Plaintiff's entitlement to such fees and costs. Indeed, the Magistrate Judge explicitly stated that "[i]t is not the provence of this Court to question the decision of the District Court but rather to determine and recommend reasonable fees due thereunder." (Report and Recommendation at 5.) Only after making this determination did the Magistrate Judge conclude that he "[n]evertheless...agree[d] with the conclusion reached by the District Court." (Report and Recommendation at 5.)

     Because Plaintiff challenges only the Magistrate Judge's conclusions regarding Defendant's entitlement to attorney fees and costs associated with obtaining summary judgment on its counterclaim—an issue not actually before the Magistrate Judge—rather than Magistrate Judge's conclusions regarding the reasonableness of the amount of attorney fees and costs requested by Defendant, the Court concludes that Plaintiff's objections are without merit with regard to the issue ultimately before the Magistrate Judge. Instead, having reviewed the record and pleadings in this case, the Court finds that the Magistrate Judge's Report and Recommendation is well supported in fact and law. Accordingly, the Court AFFIRMS and ADOPTS the Magistrate Judge's Report and Recommendation (Docket No. 172) as the Findings and Order of this Court, with the following correction: the Magistrate Judge incorrectly lists $2,815.00 as the cost associated with expert witness Burrage, although Defendant's submissions (Docket No. 162 Ex. 4) and the Magistrate Judge's own recommendations clearly indicate that

the correct cost associated with expert witness Michael Burrage is $2,815.88. Defendant Gemstar-TV Guide International, Inc.'s Motion and Supporting Brief for Attorney Fees (Docket No. 125) is therefore GRANTED in part and DENIED in part as set forth in the Magistrate Judge's Report and Recommendation.

IT IS SO ORDERED this 30th day of March, 2007.

James H. Payne
United States District Judge
Northern District of Oklahoma