### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAMELA L. MCKISSICK,            ) | |
|                                 ) | |
|     Plaintiff,     ) | |
|                                 ) | |
| v.                              ) | Case No. 04-CV-262-JHP |
|                                 ) | |
| GEMSTAR-TV GUIDE                ) | |
| INTERNATIONAL, INC., HENRY      ) | |
| C. YUEN; and ELSIE M. LEUNG,    ) | |
|                                 ) | |
|     Defendants.    ) | |

### ORDER AND OPINION

Before the Court are Defendant Gemstar-TV Guide International, Inc.'s Application for Leave to File Its Second Supplement to Its Motion and Supporting Brief for Attorneys' Fees and Costs (Docket No. 189), Plaintiff Pamela L. McKissick's Opposition to Defendant Gemstar's Application for Leave to File Second Supplement to Motion for Attorneys' Fees and Costs (Docket No. 191) and Gemstar's Reply Brief Supporting Its Application for Leave to File Its "Second Supplement" to Its Motion and Supporting Brief for Attorneys' Fees and Costs (Docket No. 192). For the reasons set forth below, Gemstar's motion is DENIED.

### Background

This case involves an action by McKissick against Defendants Gemstar, Henry C. Yuen, and Elsie M. Leung for various violations of the Securities Exchange Act, fraud, deceit, and negligent misrepresentation, as well as a counterclaim by Gemstar for breach of contract. On September 22, 2004, the Court issued an order granting Gemstar's motion for summary judgment regarding McKissick's claims against it. Likewise, on January 27, 2006, the Court issued an order granting Gemstar's motion for summary judgment relating to its counterclaim for

breach of contract against McKissick. In its order of January 27, 2006, the Court "awarded [Gemstar] its attorney fees and costs incurred in defending [McKissick's] claims against it, and in obtaining summary judgment on its counterclaim." (Order at 7.) McKissick's various claims against Yuen and Leung individually were unaffected by the Court's orders.

In response to the Court's order granting its motion for summary judgment on its counterclaim, Gemstar submitted its Motion and Supporting Brief for Attorneys' Fees. In its motion and supporting documentation, Gemstar provided its calculation of fees and costs incurred through January 31, 2006. On May 26, 2006, the Court referred this motion to Magistrate Judge Sam A. Joyner.

On June 7, 2007, the Magistrate Judge issued an order setting a hearing on Gemstar's motion for attorney fees. In his order, the Magistrate Judge directed Gemstar to "file time records sufficiently detailed to allow the Court to determine the legitimacy and reasonableness of requested fees...within 15 days." (Order at 1.) In response, Gemstar filed a motion requesting that the Magistrate Judge extend his deadline for the submission of Gemstar's billing records until July 13, 2006, which the Magistrate Judge granted. Accordingly, on July 13, 2006, Gemstar submitted its detailed time records concerning its attorney fees and costs incurred in defending against McKissick's claims or in prosecuting its counterclaim through May 31, 2006

On August 7, 2006, McKissick filed her Motion to Compel Production of Documents from Gemstar and Memorandum in Support. The motion related to a request for production of documents filed on October 14, 2005, prior to the Court's ruling on Gemstar's motion for summary judgment on its counterclaim, and a subpoena issued pursuant to Rule 45 of the Federal Rules of Civil Procedure on June 8, 2006, months after the Court's ruling. The request

for production and subpoena were nearly identical, with the subpoena including one new document request.

On August 31, 2006, the Magistrate Judge held a hearing on both Gemstar's motion for attorney fees and McKissick's motion to compel. At the hearing, the Magistrate Judge directed Gemstar to submit a fee summary and supplemental fee request regarding the hearing by September 7, 2006. At the conclusion of the hearing, the Magistrate Judge took both motions under advisement. In accordance with the Magistrate Judge's instructions, on September 7, 2006, Gemstar filed its Supplement to Time Records and Summation of Time Records concerning additional fees and costs incurred in by Gemstar in defending against McKissick's claims or prosecuting its counterclaims between June 1, 2006, to August 31, 2006.

After the hearing but before filing the Report and Recommendation concerning Gemstar's motion for attorney fees, the Magistrate Judge issued an order regarding McKissick's motion to compel. In his order, filed on October 5, 2006, the Magistrate Judge rejected Gemstar's assertion that it was not required to respond to McKissick's motion to compel because it was no longer a party to this action. Although recognizing that McKissick "filed her motion to compel more than seven months after the Court granted summary judgment in favor of Gemstar on all remaining claims but before final judgment ha[d] been entered" (Order at 6), the Magistrate Judge nevertheless concluded that "[e]ven if Gemstar is no longer actively participating in this litigation, it is the company for whom the parties worked, out of which relationship was born this controversy." (*Id*. at 7.) Accordingly, Gemstar "would logically be the place all parties would expect to find discoverable material in regard to their claims and defenses." (*Id*.) Noting that "[t]he parties agree[d] the discovery requests are directed at

3

information likely to be in the possession of Gemstar regarding claims brought against the individual defendants," (*Id*. at 8) the Court granted McKissick's motion insofar as it related to the discovery requests made prior to Gemstar's termination as a party to this litigation, but denied the sole additional request contained in the subpoena.

On November 15, 2006, the Magistrate Judge issued his Report and Recommendation concerning the amount of attorney fees and costs to be awarded Gemstar through August 31, 2006. On December 5, 2006, McKissick filed a timely objection to the Magistrate Judge's Report and Recommendation, to which Gemstar responded on December 19, 2006.

On March 23, 2007, Gemstar filed its Second Supplement to Its Motion and Supporting Brief for Attorneys' Fees and Costs, seeking additional attorney fees and costs incurred between September 1, 2006 and January 31, 2007. Based upon the belated nature of Gemstar's second supplement as well as Gemstar's failure to comply with Local Civil Rule 7.2(h),[1] the Court entered a minute order on March 30, 2007 striking Gemstar's Second Supplement. Thereafter, the Court entered an order affirming and adopting the Magistrate Judge's Report and Recommendation, granting in part and denying in part Gemstar's Motion and Supporting Brief for Attorneys' Fees and Costs, and awarding Gemstar its attorney fees and costs incurred through August 31, 2006.

On April 9, 2007, Gemstar filed its Application for Leave to File Its Second Supplement to Its Motion and Supporting Brief for Attorneys' Fees and Costs. In this motion, Gemstar requests permission to file the previously stricken supplement setting forth Gemstar's attorney

---

[1] Local Civil Rule 7.2(h) provides that "[s]upplemental briefs are not encouraged and may be filed only upon motion and leave of court." As noted in the Court's minute order of March 30, 2007, Gemstar failed to request such leave prior to filing its Second Supplement.

fees and costs incurred between September 1, 2006, and January 31, 2007. According to Gemstar, the "bulk of [the attorney fees and costs requested in its Second Supplement] relate directly to Gemstar's response to [McKissick's] discovery requests [of October 14, 2005,] made...during the period...when this Court construed Gemstar to be a 'party' in this matter." (Gemstar's Mot. Ex. A at 4-5.)  The remainder concerns "fees and costs incurred by Gemstar related to its Motion for Entry of Final Judgment and Supporting Brief..., briefing on Plaintiffs' Objection to the [Magistrate Judge's Report and Recommendation] and necessary correspondence." (*Id*. at 5.) Gemstar contends that these fees and costs were "incurred...in defending [McKissick's] claims against it, the entitlement to which has been established by the Court's previous orders." (Gemstar's Mot. at 2.)

On April 23, 2007, McKissick filed her response in opposition to Gemstar's motion. In her response, McKissick notes that "Gemstar's March 23, 2007 filing of its 'Second Supplement' was filed well after this matter became *sub judice*." (McKissick's Resp. at 2.) McKissick contends that the Court's order affirming and adopting the Magistrate Judge's Report and Recommendation "completed the determination of Gemstar's damages award pursuant to its Counterclaim." (*Id*.) As a result, McKissick asserts that Gemstar's current motion "seeks the anomalous result of supplementing...*a motion that has already been ruled upon*." (*Id*. at 3.)

## Discussion

In its minute order of March 30, 2006, striking Gemstar's Second Supplement, the Court noted that Gemstar "does not explain its failure to request leave to supplement its Motion with regard to attorney fees and costs incurred after August 31, 2006 in a timely fashion." To date, Gemstar still has not done so. As noted above, at the August 31, 2006, hearing on its request for

attorney fees and costs, Gemstar received leave of court to supplement its motion for attorney fees to include additional amounts incurred from May 31, 2006, through the date of the hearing. On September 7, 2006, Gemstar filed its supplement. Between this date and the issuance of the Magistrate Judge's Report and Recommendation on November 15, 2006, the Magistrate Judge granted in part and denied in part McKissick's motion to compel, necessitating Gemstar's eventual response to McKissick's earlier discovery requests and Gemstar filed its motion for final judgment. In spite of its asserted belief that the fees and costs associated with both the discovery responses and its motion for final judgment fall within the scope of the damage award in the Court's order granting summary judgment on its counterclaim, however, Gemstar did not seek leave to further supplement its motion for attorney fees prior to the Magistrate Judge's Report and Recommendation or to stay the Magistrate Judge's ruling so that those fees and costs could ripen. Instead, Gemstar waited until March 23, 2007, more than four months after the Magistrate Judge's Report and Recommendation, before filing its procedurally defective Second Supplement. Likewise, although briefing on McKissick's objection to the Report and Recommendation was complete on December 19, 2007, Gemstar still waited more than three months before seeking to add the fees and costs relating to the objection to its damage award.

     Nevertheless, Gemstar notes that the Court's Order of January 27, 2006, awarded Gemstar "its attorney fees and costs incurred in defending [McKissick's] claims against it, and in obtaining summary judgment on its counterclaim." (Order at 7.) Thus, Gemstar argues that "[s]o long as the fees and expenses incurred by Gemstar fall within these parameters, all the Court need determine is the reasonableness of those fees and expenses in accordance with well-recognized authorities." (Gemstar's Reply at 1.) In essence, Gemstar suggests that the damage

award on its counterclaim for breach of contract is open-ended, subject to perpetual amendment should Gemstar (1) incur and (2) decide to request additional attorney fees or costs in connection with this litigation.

In support of its position, Gemstar cites Tenth Circuit precedent indicating that "courts commonly allow additional attorney's fees for time spent in establishing an original fee entitlement." *Glass v. Pfeffer*, 849 F.2d 1261, 1266 n.3 (10th Cir. 1988). Setting aside the fact that not all of the additional fees and costs requested relate to "establishing an original fee entitlement," the Court notes that the omitted portion of the Tenth Circuit's footnote in *Glass* makes clear that this general rule applies in the "area of fee litigation under statutory fee provisions." *Id*. In contrast, the Court's Order of January 27, 2006, identified the award of attorney fees and costs not as an award of statutory attorney fees, but as "contractual damages." (Order at 6.) Thus, the case law cited by Gemstar is inapposite to the present case.

Moreover, it is far from clear that Gemstar is entitled all of the additional fees and costs it seeks under the terms of the Court's January 27, 2006 Order. Gemstar has indicated that the "bulk of [the additional fees and costs] relate directly to Gemstar's response to [McKissick's] discovery requests...and necessary correspondence." (Gemstar's Mot. Ex. A. ¶ 10 at 4-5). According to Gemstar, because these requests were made while it was still a party in this case, any such fees and costs were incurred in defending McKissick's claims against it. Nevertheless, as noted above, "[t]he parties agree[d] the discovery requests [were] directed at information likely to be in the possession of Gemstar regarding claims brought against the individual defendants." (Order at 8.) As such materials would likely have been discoverable even if McKissick had brought no claims against Gemstar and were produced after all claims between

McKissick and Gemstar had been resolved, the Court does not agree that such expenses were necessarily incurred by Gemstar in defense of McKissick's claims.

As the Magistrate Judge noted, at the time the he issued his Report and Recommendation, "[t]here were eleven briefs filed on th[e] issue [of Gemstar's attoney fees and costs]...[f]our [of which] were filed post hearing." (Report and Recommendation at 4 n.2.) Thus, "[t]he number and organization of the submissions [have already] made this a particularly difficult fee application." (*Id.*) To permit the filing of yet another supplement, after both the Report and Recommendation and the Court's own order affirming and adopting it, would only invite the perpetual filing of belated supplements and related briefs, each with their own related costs and expenses. This is something the Court is not prepared to do.

Whether the Court would have been inclined to grant a more timely request by Gemstar for leave to supplement its motion for attorney fees and costs prior to the Court's own order affirming and adopting the Report and Recommendation is irrelevant, as Gemstar failed to make such a request. Gemstar has had numerous opportunities to set forth the amount of the attorney fees and costs to which it believes it is entitled pursuant to the Court's January 27, 2006 Order. Having failed to submit its request for leave to file yet another supplement to its request for attorney fees and costs in a timely fashion, the Court finds that Gemstar's motion should be denied.

**Conclusion**

For the reasons set forth above, Gemstar's Application for Leave to File its Second Supplement to Its Motion and Supporting Brief for Attorneys' Fees and Costs (Docket No. 189) is hereby DENIED.

IT IS SO ORDERED this 22nd day of August, 2007.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma