## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **PAMELA L. MCKISSICK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 04-CV-262-JHP** |
| | ) | |
| **GEMSTAR-TV GUIDE** | ) | |
| **INTERNATIONAL, INC., HENRY** | ) | |
| **C. YUEN; and ELSIE M. LEUNG,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER AND OPINION

Before the Court are the Motion for Entry of Final Judgment and Supporting Brief (Docket No. 170) filed by Defendant Gemstar-TV Guide International, Inc. ("Gemstar"), the Response to Gemstar's Motion for Entry of Final Judgment (Docket No. 171) filed by Plaintiff Pamela L. McKissick, and Gemstar's Reply in Support of Motion for Entry of Final Judgment (Docket No.183). Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, Gemstar requests an entry of final judgment in its favor and against McKissick on both McKissick's claims against Gemstar and Gemstar's counterclaim against McKissick. For the reasons set forth herein, Gemstar's motion is DENIED.

## Background

On March 30, 2004, McKissick filed this action against Defendants Gemstar, Henry C. Yuen, and Elsie M. Leung based upon certain alleged misrepresentations made by Defendants during the merger of TV Guide, Inc., ("TV Guide") and Gemstar International Group Limited ("Gemstar International"). According to McKissick, Defendants failed to disclose Gemstar International's true financial condition and made false or misleading statements concerning

1

Gemstar International's revenues, thereby inducing McKissick to refrain from exercising certain stock options. As a result, when her stock's value subsequently plummeted, McKissick suffered significant financial losses. Accordingly, McKissick asserted claims against Defendants for violations of section 10(b) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder, as well as fraud and negligent misrepresentation. McKissick also asserted claims against Yuen and Leung individually for violations of section 20(a) of the Securities Exchange Act.

In its answer, Gemstar asserted a counterclaim against McKissick for breach of contract based upon a separation agreement signed by McKissick upon her departure from TV Guide. According to Gemstar, under the terms of the separation agreement, McKissick had released TV Guide and any affiliated entities, including Gemstar, from all liability for claims arising prior to the effective date of the separation agreement and had covenanted not to sue Gemstar except to enforce the terms of the separation agreement. In exchange, McKissick had received payment in the amount of $345,000. Gemstar alleged that by filing an action against Gemstar for claims arising prior to the effective date of the separation agreement, McKissick had breached the clear and unambiguous terms of the agreement.

On May 27, 2004, Gemstar filed its first motion for summary judgment, asserting that the separation agreement between McKissick and TV-Guide barred McKissick from pursuing her claims against Gemstar.  In her response, McKissick, while acknowledging that the separation agreement applied to Gemstar, nevertheless argued that for various the terms of the separation agreement did not bar McKissick from pursuing the particular claims raised in her complaint. In spite of McKissick's arguments, however, the Court found that McKissick had failed to raise any

2

genuine issues of material fact and that, as a matter of law, the unambiguous language of the separation agreement barred McKissick from pursuing her claims against Gemstar. The Court therefore granted Gemstar's motion for summary judgment with regard to those claims.

Subsequently, on April 1, 2005, Gemstar filed a second motion for summary judgment regarding its counterclaim against McKissick, asserting that McKissick had breached the "No Actions" clause of the separation agreement, entitling Gemstar to damages for breach of contract. On January 27, 2006, the Court granted Gemstar's motion, awarding Gemstar "its attorney fees and costs incurred in defending [McKissick's] claims against it, and in obtaining summary judgment on its counterclaim" and "terminat[ing] [McKissick's] case against...Gemstar." (Order at 7.)

On September 14, 2004, prior to the Court's order granting Gemstar's first motion for summary judgment, Yuen and Leung filed a joint motion to dismiss McKissick's claims against them. In their motion, Yuen and Leung noted that the terms of the separation agreement signed by McKissick also barred claims against current and former employees, officers, and directors of TV-Guide and its affiliates arising prior to the effective date of the release. Because Yuen and Leung were both former officers and directors of Gemstar, they argued that the clear and unambiguous terms of the separation agreement also barred McKissick's claims against them.

In her response, McKissick, in addition to disputing the various arguments raised by Yuen and Leung, requested additional time to conduct discovery as to the enforceability of the separation agreement pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. In particular, McKissick's accompanying Rule 56(f) declaration referenced previous filings in which McKissick had indicated her belief that the separation agreement had been executed under

3

duress, thereby rendering it unenforceable.

On August 26, 2005, the Court entered an order granting in part and denying in part the motion by Yuen and Leung. The Court noted that unlike her response to Gemstar's first motion for summary judgment, in which McKissick had failed to request additional discovery or to fully develop her argument concerning the enforceability of the separation agreement, McKissick's response to the motion by Yuen and Leung had specifically requested an opportunity to conduct additional discovery as to the enforceability of the separation agreement. Finding that "the enforceability of the [separation agreement] is of utmost importance to the future of this cause of action" (Order at 6), the Court granted McKissick's request and denied the motion by Yuen and Leung insofar as it was premised on the separation agreement barring McKissick from asserting her claims against Yuen and Leung.

Following the Court's ruling, Yuen and Leung filed a motion for reconsideration, arguing that the Court's previous order granting McKissick's first motion for summary judgment established the law of the case with regard to the enforceability of the separation agreement and that any additional discovery would be insufficient to create a genuine issue of material fact precluding summary judgment. On December 20, 2005, however, the Court entered an order denying the motion for reconsideration, stating explicitly that it "ha[d] not ruled on the issue of duress in this case." (Order at 4.) Instead, the Court clarified that "[a]s to Gemstar, the Court simply held that the [separation agreement] obviously and unambiguously barred suit against Gemstar." (*Id.*) In contrast, the Court concluded that "the facts surrounding [the] individual roles [of Yuen and Leung] in these events may be different from those involving [Gemstar]." (*Id.*)

Finally, on October 24, 2006, Gemstar filed the instant motion. In its motion, Gemstar

4

argues that "[t]he explicit language and substance of the summary judgment orders, and the related Judgment entered concurrently with the Court's Order of September 22, 2004...establishes the finality of the summary judgment orders granted to Gemstar." (Gemstar's Mot. at 5.)  Furthermore, Gemstar notes that it "has been effectively eliminated from any determination of the issues in this case, with the exception of the amount of attorneys' fees and costs to be awarded to Gemstar" (*id*. at 6) and that "there are no remaining issues in this litigation for which Gemstar is a pertinent figure" (*id*. at 7). Accordingly, Gemstar contends there is no just cause for delaying review of its orders granting Gemstar's two motions for summary judgment and requests that the Court certify its orders as final and appealable pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

In her response, McKissick notes that although the Court "granted summary judgment on Gemstar's [c]ounterclaim by ruling that Gemstar was entitled to damages under the terms of the [separation agreement], it did not rule on the amount of damages to which Gemstar may be entitled." (McKissick's Resp. at 1.) Because damages are an element of Gemstar's breach of contract action under Oklahoma law, McKissick contends that "[u]ntil the amount of damages is finally determined, there can be no complete judgment on Gemstar's [c]ounterclaim which could properly be certified under Rule 54[b]." (*Id*. at 2.) Nevertheless, McKissick asserts that "[o]nce a final determination of the amount of damages is made so that a complete and final order can be entered on Gemstar's [c]ounterclaim, [McKissick] would join Gemstar in requesting the Court to enter a final judgment under Rule 54[b]." (*Id*. at 5.)

On March 30, 2007, the Court entered an order affirming and adopting the Report and Recommendation of Magistrate Judge Sam A. Joyner with regard to the amount of damages, in

5

the form of attorney fees and costs, to which Gemstar was entitled on its counterclaim for breach

of contract. Although Gemstar thereafter filed a motion for leave to supplement its statement of

attorney fees and costs, with the entry of the its order denying Gemstar's request to supplement

its damage claim, the Court presumes that McKissick's sole objection to Gemstar's Rule 54(b)

motion has been rendered moot. Accordingly, the Court addresses Gemstar's motion on its own

merits.

### Discussion

Rule 54(b) of the Federal Rules of Civil Procedure provides in relevant part:

> When more than one claim for relief is presented in an action, whether as a claim,
> counterclaim, cross-claim, or third-party claim, or when multiple parties are
> involved, the court may direct the entry of a final judgment as to one or more but
> fewer than all of the claims or parties only upon an express determination that
> there is no just reason for delay and upon an express direction for the entry of
> judgment.

As the Tenth Circuit has noted, "[t]he purpose of Rule 54(b) 'is to avoid the possible injustice of

a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties

until the final adjudication of the entire case by making an immediate appeal available.'"

*Oklahoma Turnpike Authority v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001) (quoting 10

Charles Alan Wright et al., *Federal Practice and Procedure* § 2654 at 35 (2d ed. 1982)).

Nevertheless, "'Rule 54(b) entries are not to be made routinely.'" *Id*. at 1242 (quoting *Great

American Trading Corp. v. I.C.P. Cocoa, Inc.*, 629 F.2d 1282, 1286 (7th Cir. 1980)). Instead, "a

certification under Rule 54(b) is only appropriate when a district court adheres strictly to the

rules requirement that a court make two express determinations." *Id*. "First, the district court

must determine that the order it is certifying is a final order." *Id*.; *see also Curtiss-Wright Corp.

v. General Elec. Co.*, 446 U.S. 1, 7 (1980). "Second, the district court must determine that there

is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case." *Bruner*, 259 F.3d at 1242; *see also Curtiss-Wright Corp*, 446 U.S. at 8. By requiring the district court to make these determinations, "[t]he rule attempts to strike a balance between the undesireability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants." *Bruner*, 259 F.3d at 1242. (quotations omitted).

With regard to the issue of finality, the Tenth Circuit has stated that "[a]n essential prerequisite for invoking Rule 54(b) is that at least one claim *or the rights and liabilities of at least one party* must be finally decided." *In re Integra Realty Resources, Inc.*, 262 F.3d 1089, 1107 (10th Cir. 2001) (emphasis added) (quotations omitted). This distinction may be found in the rule itself, which by its own terms applies "[w]hen more than one claim for relief is presented in an action...*or when multiple parties are involved*" and permits the court to enter final judgment "as to one or more but fewer than all of the claims *or parties*." Fed. R. Civ. P. 54(b) (emphasis added). Although the Court recognizes that McKissick's remaining claims against Yuen and Leung are similar to those asserted against Gemstar, the Court notes that its two orders granting Gemstar's motions for summary judgment, in conjunction with its order affirming and adopting the Magistrate Judge's Report and Recommendation as to the appropriate amount of Gemstar's damages on its breach of contract counterclaim, have fully resolved all issues between McKissick and Gemstar. Thus, because Gemstar's rights and liabilities in this action have been finally decided, the Court finds that the finality requirement of Rule 54(b) has been satisfied.

Nevertheless, as the U.S. Supreme Court has made clear, "[n]ot all final judgments...should be immediately appealable." *Curtiss-Wright Corp.*, 446 U.S. at 8. Instead,

7

"having found finality, the district court must go on to determine whether there is any just reason for delay." *Id*. In making this determination, "a district court must take into account judicial administrative interests as well as the equities involved" and may "consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id*.

As noted above, despite granting Gemstar's two motions for summary judgment on the basis that the separation agreement barred McKissick from asserting any claims against Gemstar arising prior to the effective date of the release contained therein, the Court denied a motion premised on this same argument by Yuen and Leung, instead permitting McKissick to conduct additional discovery regarding the enforceability of the separation agreement. Indeed, the Court found the issue of the separation agreement's enforceability to be an issue of utmost importance to this action. Because the enforceability of the separation agreement is central to both McKissick's claims and Gemstar's counterclaim, the issues resolved in the Court's summary judgment orders are not, as Gemstar would contend, "separate from the issues pending between McKissick and Defendants Yuen and Leung." (Gemstar's Mot. at 6.) Instead, because of the centrality of the separation agreement, and the enforceability thereof, to all claims in this action, the Court concludes that the claims resolved in the Court's two orders granting Gemstar's motions for summary judgment are factually and legally inseparable from McKissick's remaining claims against Yuen and Leung.

Moreover, certification of the Court's orders granting summary judgment in favor of Gemstar could undoubtedly require the appellate court to familiarize itself with the same facts

8

and to address the same issues multiple times if the disposition of the remaining claims were to be appealed separately. As the Supreme Court observed in *Curtiss-Wright Corp.*, Rule 54(b) was intended to "preserve[] the historic federal policy against piecemeal appeals." 446 U.S. at 8 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)). By certifying its orders disposing of the claims between McKissick and Gemstar as final and appealable prior to resolving McKissick's factually interrelated claims against Yuen and Leung, the Court would neither preserve this policy nor serve any judicial administrative interests.

In contrast, Gemstar has offered no significant countervailing interests justifying the certification of the Court's orders granting its motion for summary judgment. The Court recognizes that, from Gemstar's perspective, it has been forced to litigate claims expressly barred by a valid and enforceable separation agreement at substantial expense. By bringing the instant motion, Gemstar seeks to expedite its recovery of these expenses and to end its involvement in this case. While the Court is not unsympathetic with the position in which Gemstar finds itself, particularly in light of the long and convoluted nature of this action, the Court does not consider Gemstar's interests to be sufficient to outweigh the judicial system's competing interest in the efficient resolution of cases on appeal. As a third party to McKissick's remaining claims against Yuen and Leung, Gemstar, the company for whom the individual defendants served as officers and directors, is in no worse position and is likely to incur no more costs from this point forward than would have resulted had McKissick only asserted claims against Yuen and Leung. Likewise, although Gemstar's recovery of the attorney fees and costs it expended in defending against McKissick's claims and in prosecuting its counterclaim may be delayed, the Court perceives no significant risk of financial hardship to the corporation as a

9

result of this delay. Instead, having considered the arguments presented by the parties, the Court concludes that there is just cause for delaying the appeal of this action until all claims have been resolved. Accordingly, the Court finds that Gemstar's motion should be denied.

<u>**Conclusion**</u>

For the reasons set forth above, the Motion for Entry of Final Judgment and Supporting Brief (Docket No. 170) filed by Gemstar-TV Guide International, Inc., is DENIED.

IT IS SO ORDERED this 22nd day of August, 2007.

James H. Payne
United States District Judge
Northern District of Oklahoma

10