# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAMELA L. MCKISSICK, an individual, ) ) ) Plaintiff, ) ) vs. ) ) GEMSTAR-TV GUIDE ) INTERNATIONAL, INC.; HENRY C. ) YUEN, an individual; and ) ELSIE M. LEUNG, an individual, ) ) Defendants. ) | Case No. 04-CV-262 JHP/SAJ |

**OPINION AND ORDER**

Came on for hearing Motion to Strike "Plaintiff's Motion for Order Directing Counsel to Permit Witness to Answer Questions at Deposition" filed by non-party witness Gloria Dickey and Gemstar-TV Guide International, Inc. ("Gemstar") [Dkt. #212]; Motion for Protective Order and Request for Expedited Consideration [Dkt. #232] filed under seal by Anthea Disney and Gemstar; and, Defendant Dr. Henry C. Yuen's Motion For Protective Order [Dkt. # 235] and Request for Expedited Ruling [Dkt. #237], and the Court, having read the arguments and authority of counsel and considered the oral arguments presented at hearing, finds:

Defendant Dr. Henry C. Yuen's Request for Expedited Ruling [Dkt. #237] is granted; Defendant Dr. Henry C. Yuen's Motion For Protective Order [Dkt. # 235] is denied.

1

Defendant Dr. Henry C. Yuen's oral motion to allow deposition by written questions is denied. The parties are to meet and confer to determine when and how to proceed with defendant Yuen's deposition. The scope of questioning for all depositions is set forth herein.

Motion for Protective Order and Request for Expedited Consideration [Dkt. #232] filed under seal by Anthea Disney and Gemstar are denied as to protective order and moot as to request for expedited consideration. The parties are to meet and confer regarding where the deposition will take place.

The Court further finds Motion for Protective Order and Request for Expedited Consideration [Dkt. #232] need not remain under seal. The Court therefore, *sua sponte*, orders the motion to be unsealed.

Motion to Strike "Plaintiff's Motion for Order Directing Counsel to Permit Witness to Answer Questions at Deposition" filed by non-party witness Gloria Dickey and Gemstar-TV Guide International, Inc. ("Gemstar") [Dkt. #212] is stricken as moot.

Plaintiff's Motion for Order Directing Counsel to Permit Witness to Answer Questions at Deposition, [Dkt.# 205], not set for hearing, is stricken as moot by the rulings herein. The parties are to meet and confer regarding the continuation of the Dickey deposition with the understanding that should the witness refuse to answer questions without being so directed by counsel, the appropriate jurisdiction to address the issue is California. All counsel are to act in accordance with Fed.R.Civ.P. 30(d)(1).

As to the scope of discovery, the Court notes broad leeway should be allowed. This includes inquiry in this case into issues referenced in Judge Payne's order, Dkt. #194, page

2

8, dated August 22, 2007, which states:

> As noted above, despite granting Gemstar's two motions for summary judgment on the basis that the separation agreement barred McKissick from asserting any claims against Gemstar arising prior to the effective date of the release contained therein, the Court denied a motion premised on this same argument by Yuen and Leung, instead permitting McKissick to conduct additional discovery regarding the enforceability of the separation agreement. Indeed, the Court found the issue of the separation agreement's enforceability to be an issue of utmost importance to this action. Because the enforceability of the separation agreement is central to both McKissick's claims and Gemstar's counterclaim, the issues resolved in the Court's summary judgment orders are not, as Gemstar would contend, "separate from the issues pending between McKissick and Defendants Yuen and Leung." (Gemstar's Mot. at 6.) Instead, because of the centrality of the separation agreement, and the enforceability thereof, to all claims in this action, the Court concludes that the claims resolved in the Court's two orders granting Gemstar's motions for summary judgment are factually and legally inseparable from McKissick's remaining claims against Yuen and Leung.

On September 19, 2007, the parties filed joint motion "to bifurcate certain issues for discovery and trial such that discovery and trial initially shall be limited to the issue of the enforceability of the Separation Agreement . . . as defined by the pleadings and briefs to date."   The motion was granted by minute order without further comment.

The parties announced the purpose of the motion was to simplify the case. Considering the time spent on the current round of motions and hearing by the parties and the court, it appears to have had the opposite effect.  The parties are therefore to proceed with discovery as initially contemplated by Judge Payne's order on all issues which are relevant or which could lead to relevant evidence unless the discovery sought is limited solely to the issues sought to be bifurcated for later discovery and trial. The court is

available by telephone to resolve disputes as they arise in depositions, as necessary.

IT IS SO ORDERED THIS 14th DAY OF MARCH, 2008.

Sam A. Joyner
United States Magistrate Judge